**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**ALEXANDRA ALUSMA,**

**Plaintiff,**

**v.** **Case No.: 1:16−cv−20749−JLK**

**SCOTT CARVER IIB,**
**LIMITED PARTNERSHIP,**

**Defendant.**

---

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL[1]

COMES NOW the Plaintiff, ALEXANDRA ALUSMA ("Plaintiff") by and through the undersigned counsel, and files this Amended Complaint against SCOTT CARVER IIB, LIMITED PARTNERSHIP. ("SCLP" or "Defendant") and states as follows:

## PARTIES

1. Plaintiff is an adult individual who resides in Dade County, Florida.

2. Defendant, is a Real Estate Management company that operates and conducts business in Dade County, Florida, and is therefore, within the jurisdiction of this Court.

## JURISDICTION AND VENUE

3. This is an action for damages exceeding $15,000.00, exclusive of attorneys' fees, interest and costs.

---

[1] This Amended Complaint simply corrects a scrivener's error in the Original Complaint at Paragraph 9, which mistakenly stated November 8, 2014. The correct date is November 8, **2015**, and this Amended Complaint reflects same.

4. Defendant operates an apartment rental complex called Northpark at Scott Carver Apartments, and is subject to the requirements of Section 11A-12 of the Miami Dade County Ordinances.

5. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, the illegal actions committed by Defendant occurred in Miami Dade County.

**STATEMENT OF FACTS**

6. Plaintiff is a female who qualifies for, and receives, Section 8 Housing Choice Vouchers as a subsidy to assist her with the payment of her housing expenses.

7. Section 11A-12 states as follows:

> Discrimination in sale or rental of housing and other prohibited practices. It shall be unlawful for any person, owner, financial institution, real estate broker, real estate agent or any representative of the above to engage in any of the following acts because of race, color, religion, ancestry, national origin, age, sex, pregnancy, disability, marital status, familial status, gender identity, gender expression, sexual orientation, **source of income,** or actual or perceived status as a victim of domestic violence, dating violence or stalking, of a prospective buyer, renter, lessee. (a) To refuse to sell, purchase, **rent,** lease, finance, negotiate or otherwise deny to or withhold any dwelling or to evict a person. (emphasis added)

8. Section 11A-11(12) defines "source of income" as follows:

> Source of income shall mean the lawful, verifiable income paid directly to a tenant or paid to a representative of a tenant, **including, but not limited to, Section 8 Housing Choice Vouchers**, Supplemental Security Income, Social Security, pensions and other retirement benefits. (emphasis added)

9. On November 8, 2015, Plaintiff travelled to Defendant's apartment facility, to inquire regarding the rental of an apartment from Defendant.

10. During Plaintiff's interaction with Defendant's leasing agent, Plaintiff explained that she received Section 8 Housing Choice Vouchers, and asked whether Defendant permitted, and/or accepted same in the rental of its apartment units.

11. In response to Plaintiff's inquiry, Defendant's leasing agent stated that Defendant did not accept tenants with Section 8 Choice Housing Vouchers.

12. Further, after learning that Plaintiff received Section 8 Housing Choice Vouchers, Defendant's leasing agent refused to give Plaintiff an application to complete, and failed and/or refused to even show Plaintiff any vacant or available units for rental.

13. Defendant's conduct violates Section 11A-12 of the Miami Dade County Ordinances.

14. Plaintiff has suffered damages, as a result of Defendant's actions in this regard.

15. Section 11A-15 (1) of the Miami Dade County Ordinance provides as follows:

A complainant may file a civil action in a court of competent jurisdiction no later than two (2) years after the alleged discriminatory housing practice has occurred or terminated or after a breach of a conciliation agreement. A person aggrieved by an alleged housing discrimination practice or breach may file a civil action regardless of whether he or she has filed a complaint under this article and regardless of the status of any complaint filed under this article.

16. Section 11A-15(3) of the Miami Dade County Ordinance provides as follows:

If, in a private enforcement proceeding under this chapter, the court finds that a discriminatory practice has occurred or is about to occur it may issue an order prohibiting the practice and providing affirmative relief from the effects of the practice, including temporary or permanent injunctive and other equitable relief, temporary restraining order, actual and punitive damages, reasonable Attorney's fees, interest, costs or other order.

17. Plaintiff files the instant action seeking any and all remedies provided for in the above cited Miami-Dade County Ordinances, as a result of Defendant's breach of same.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for declaratory and injunctive relief, a temporary restraining order, actual and punitive (damages as permitted to be pled at a later time), and payment of her reasonable attorneys' fees and costs.

**JURY DEMAND**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 7th day of March 2016.

**/S RICHARD CELLER**
Richard Celler, Esq.
Florida Bar No.: 0173370
Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (954) 243-4295
Facsimile: (954) 337-2771
Email: Richard@floridaovertimelawyer.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7TH day of March, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all counsel of record.

**s/ Richard Celler**
Richard Celler, Esq.